IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK J.L. ROBLES,

   Plaintiff,

v.                                                                                                      No. 19-cv-1096 KWR-JHR

CURRY COUNTY DETENTION CENTER,

   Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's amended civil rights complaint (Doc. 5, supplemented by Doc. 6). Also before the Court is his motion to proceed *in forma pauperis* (Doc. 4). Plaintiff challenges his conditions of confinement at the Curry County Detention Center (CCDC). Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will grant the motion; dismiss the Complaint; and grant leave to amend.

**I. Background**

Plaintiff was detained at CCDC between October 15, 2019 and January 12, 2020. (Doc. 6 at 1). He alleges he experienced freezing temperatures because prison officials refused to run the heater. *Id.* Plaintiff also contends the toilets leaked; the ceiling tiles were covered in black mold; and prison officials painted over the black spots to hide the problem. *Id.* at 1, 7. Prison officials initially ignored his requests for a transfer, as they viewed the inmates "like … animals." (Doc. 5 at 4). Plaintiff experienced headaches, respiratory issues, fatigue, stomach pain, blurred vision, and stress due to his living conditions. *Id.* He seeks at least $250,000 in damages from CCDC. *Id.* at 1.

## II. *In Forma Pauperis* Motion

As an initial matter, Plaintiff's financial information reflects he is unable to prepay the $400 filing fee. The Court will therefore grant the *In Forma Pauperis* Motion (Doc. 4), which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Plaintiff must make an initial partial payment of "20 percent of the greater of—(A) the average monthly deposits to [his] account; or (B) the average monthly balance in [his] account for the 6-month period immediately preceding the filing of the complaint…" *Id.* Thereafter, he is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). Plaintiff's inmate account statement reflects he receives average monthly deposits of $53.20, and his average monthly account balance is $21.89. (Doc. 12 at 2-3). No later than May 28, 2020, he must therefore submit an initial partial payment of $10.64 (which is 20% of the greater figure, $53.20). The failure to timely comply will result in dismissal of this action without prejudice.

## III. Standards Governing *Sua Sponte* Review of the Complaint

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

## IV. Screening the Complaint

The Complaint raises claims under the Eighth Amendment and 42 U.S.C. § 1983. The Eighth Amendment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). To demonstrate prison conditions amount to cruel and unusual punishment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998). Conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, … [or] sanitation." *Rhodes,* 452 U.S. at 348. "[T]he length of exposure to the conditions is often of prime importance" in Eighth Amendment cases. *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). "As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases." *Id.*

Applying these standards, the Court finds the Complaint fails to state a cognizable constitutional claim. Plaintiff fails to name any specific prison official with a "sufficiently culpable state of mind." *Craig,* 164 F.3d at 495. CCDC is the only named defendant, and detention centers are not a 'persons' subject to suit under § 1983. *See McLaughlin v. Bd. of Trustees*, 215

F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished).  The facts are also too conclusory to state an Eighth Amendment violation.  A "bare allegation regarding [the presence of] mold … does not create a reasonable inference regarding [a] … threat to mental or physical well being." *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 Fed. App'x 111 (10th Cir. Feb. 11, 2004)).  The Complaint also indicates Plaintiff was transferred from the Alpha Pod at some point between October 15, 2019 and January 12, 2020, and it is not clear how long he was exposed to mold. (Doc. 6 at 1, 7).  As to the allegations regarding freezing temperatures, the Complaint gives "no objective indication that the [temperature] was so severe as to pose a substantial risk of serious harm." *Rocha v. CCCF Admin.,* 408 Fed. App'x 141, 144 (10th Cir. 2011) (unpublished).  To survive initial review, Plaintiff's complaint must describe "the severity of the [temperature], its duration, whether he had alternative means to protect … from the [temperature], and the adequacy of such alternatives."  *Id.* (internal quotations omitted). Plaintiff's allegation regarding a leaky toilet is similarly deficient.  There is no information about the amount of water in the cell or whether the toilet still functioned.  *See Moore v. Trapp,* 1991 WL 65074, * 2 (10th Cir. 1991) (affirming the dismissal of a complaint alleging "plumbing problems" because plaintiff didn't describe "the foul involved, who was involved, and when and where it took place").

    For these reasons, the Court will dismiss the Complaint without prejudice.  No later than May 28, 2020, Plaintiff may file an amended complaint that cures the deficiencies identified above. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

**IT IS ORDERED** that that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4) is **GRANTED**; and no later than May 28, 2020, Plaintiff must submit an initial partial payment of $10.64.

**IT IS FURTHER ORERED** that Plaintiff's amended civil rights complaint (Doc. 5, supplemented by Doc. 6) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

**IT IS FINALLY ORERED** that Plaintiff may file an amended complaint no later than May 28, 2020.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE