IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK J.L. ROBLES,

    Plaintiff,

v.                                                No. 19-cv-1096 KWR-JHR

CURRY COUNTY DETENTION CENTER,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Plaintiff Frank Robles' failure to file an amended civil rights complaint as directed. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. His original complaint challenged his conditions of confinement at the Curry County Detention Center (CCDC). (Doc. 5, supplemented by Doc. 6). Plaintiff was detained at CCDC between October 15, 2019 and January 12, 2020. (Doc. 6 at 1). The original complaint alleges he experienced freezing temperatures because prison officials refused to run the heater. *Id.* The toilet also leaked; the ceiling tiles featured black mold; and prison officials allegedly painted over the black spots to hide the problem. *Id.* at 1, 7. Plaintiff contends prison officials initially ignored his requests for a transfer and viewed the inmates "like … animals." (Doc. 5 at 4). He allegedly experienced headaches, respiratory issues, fatigue, stomach pain, blurred vision, and stress due to his living conditions. *Id.* The original complaint sought $250,000 in damages from CCDC under the Eighth Amendment and 42 U.S.C. § 1983. *Id.* at 1.

By a ruling entered April 29, 2020, the Court screened the original complaint and determined Plaintiff failed to state a cognizable claim. (Doc. 13); *see also* 28 U.S.C. § 1915(e)

(requiring *sua sponte* screening of *in forma pauperis* complaints). The original complaint failed to demonstrate that Plaintiff's living conditions threatened his safety or "lead to deprivations of essential food, medical care, … [or] sanitation." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). As the Court previously explained, a "bare allegation regarding [the presence of] mold … does not create a reasonable inference regarding [a] … threat to … well being." *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 Fed. App'x 111 (10th Cir. Feb. 11, 2004)). The original complaint also gave "no objective indication that the [temperature] was so severe as to pose a substantial risk of serious harm." *Rocha v. CCCF Admin.,* 408 Fed. App'x 141, 144 (10th Cir. 2011). As to the leaky toilet, there was no information about the amount of water in the cell or whether the toilet still functioned. *See Moore v. Trapp,* 1991 WL 65074, * 2 (10th Cir. 1991) (affirming the dismissal of a complaint alleging "plumbing problems" because plaintiff didn't describe "the foul involved, who was involved, and when and where it took place").

Alternatively, the Court observed that even if the living conditions were objectively unreasonable, the original complaint failed to name any prison official with "a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998). The only named defendant was CCDC. As a detention center, CCDC is not a 'person' subject to suit under § 1983. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections,* 172 F.3d 62 (10th Cir. 1999). Based on these deficiencies, the Court dismissed the original complaint without prejudice.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days (*i.e.,* until May 28, 2020) to cure the pleading defects in an amended complaint. The

Court also directed Plaintiff to pay a partial filing fee of $10.64 by that same deadline. *See* 28 U.S.C. § 1915(b)(1) (governing the calculation of initial payments in prisoner cases). He was warned that the failure to timely file an amended complaint may result in dismissal with prejudice and without further notice. Plaintiff made the initial partial payment, but he did not amend his pleading or show cause for such failure. This action will therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any port thereof, that may have been paid, the court shall dismiss the case at any time if [it] determines that … the action … fails to state a claim on which relief may be granted").

**IT IS ORDERED** that Frank Robles' prisoner civil rights claims (Doc. 5, supplemented by Doc. 6) are **DISMISSED with prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE